## PACE v. ERLE P. HALLIBURTON CO.

No. 21436.  Opinion Filed Oct. 4, 1932.

Sullivan & Rice, for plaintiff in error.

Ben F. Saye, for defendants in error.

RILEY, J. Plaintiff in error, defendant below, appeals from a judgment against him in an action setting up four causes of action.

In each cause of action it was alleged that defendant, George L. Pace, had theretofore entered into an oral contract with plaintiff, whereby he employed plaintiff to furnish a sand-testing device and test the sand formation for the presence of oil or gas in a well being drilled by defendant for oil and gas. Each cause of action was for a different well; that defendant in each case by the oral contract agreed to pay plaintiff the sum of $150; that plaintiff did furnish the said testing device and tested the formation and fully complied with said contract.

Defendant answered by general denial as to each cause of action.

On the day the cause was set for trial, counsel for defendant filed an affidavit and motion for continuance, setting up, in substance, that counsel for defendant had just talked over the telephone with defendant. who was in Dallas, Tex., and that defendant was ill and confined to his bed and was unable to appear in court for the trial; that his presence was necessary in court at the trial, and that the defendant, George L. Pace, so far as affiant was able to ascertain, was the only witness for the defense; that the application was not made for delay, but that justice might be done.

The application for continuance was denied, and counsel for defendant saved his exceptions. The cause then proceeded to trial to the court without a jury. Defendant did not specifically waive a jury, neither did he specifically object to a trial to the court without a jury, nor demand a jury trial.

At the trial the only witness for plaintiff was their bookkeeper, who identified certain entries on plaintiff's books purporting to show the account or charge against defendant on the books of the company, and copies of certain invoices which he testified had been mailed to defendant, and certain so-called daily reports and record of work done, which appear to be written reports to the plaintiff by the particular employee who operated the device and made the test. They gave the place, date, the owner of the land, sometimes the number of the section, township, range, depth of well, condition of well, size of drill pipe, length of time on job, result of test, etc. In some instances they gave the name of the contractor and named the party by whom the work was accepted. They also directed to whom the work should be charged. On none of these, however, does it appear that the work was accepted in writing by such party.

These were all introduced in evidence.

Evidence was also introduced showing that defendant was a nonresident of the state. This for the purpose of procuring an order sustaining an attachment.

Defendant demurred to plaintiff's evidence, which was overruled. Thereupon defendant moved the court to dissolve the order of attachment upon the ground that no proof had been offered to sustain same. This was also overruled.

Thereupon judgment was entered for plaintiff for the full amount sued for, and sustaining the order of attachment, and defendant appeals.

There are some twelve assignments of error, but defendant presents but three propositions:

(1) That the court erred in refusing a continuance.

(2) That the judgment is not sustained by the evidence, and

(3) That the court erred in trying said cause without a jury.

From the record it appears that the evidence is insufficient to sustain the judgment as to the second cause of action.

There is nothing in the accounts, invoices, or reports of the work done to connect the defendant with this work. The invoice is to Pace & Nelson. The daily report of the work done on the well, which is the basis of the second cause of action, says: "Charge to Pace & Nelson." It does show work accepted for George L. Pace by W. W. Wood,

but there is no evidence to show who W. W. Wood was, or whether or not he was the agent of George L. Pace. The record does not show that the item was charged to defendant on plaintiff's books. So far as the record shows the Pace connected with Nelson may have been a different person.

The competency of all this evidence is earnestly assailed by defendant, and it is also contended that the book accounts, invoices, reports, all taken together, do not constitute sufficient evidence to prove the allegations of plaintiff's petition to the effect that plaintiff and defendant entered into a separate oral agreement as to each well, and that defendant agreed to pay the sum of $150, for the use of the device in testing of each well. It is asserted on the other hand that the books, invoices, reports, etc., are sufficient to make out a prima facie case, at least as to the first, third, and fourth causes of action, and that there being no evidence to contradict the correctness of the account, the judgment should be sustained.

It may be observed that this is not a suit upon an open account, nor upon an account stated, but is based upon four separate alleged oral contracts, and the alleged compliance with or fulfillment thereof by plaintiff and the defense is a general denial of both the contracts and their fulfillment.

It is suggested by plaintiff that in case this court should hold the evidence insufficient to support the judgment as to the second cause of action, the judgment should be modified and affirmed by this court. But in view of the earnest contention that there was error in denying the continuance, and the weakness of the evidence of plaintiff, we conclude that, since it is necessary to reverse the judgment as to the second cause of action, justice would be better served by reversing the judgment as a whole and remanding the cause for a new trial.

As the questions involving the order denying a continuance and the trial by the court without a jury and without a specific waiver of a jury trial by defendant are not likely to arise again, we deem it unnecessary to consider these questions.

The judgment is reversed and the cause is remanded for a new trial.

CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and HEFNER, J., absent.